IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALVIN RILEY                                                                                           PLAINTIFF

v.                               CASE NO. 4:20-cv-01012-BSM

VILONIA SCHOOL DISTRICT, et al.                                                      DEFENDANTS

## CONSENT PROTECTIVE ORDER

This lawsuit is presently in the discovery process, and it appears that such discovery may involve review of sensitive, proprietary and confidential records and employment information about Vilonia School District's past and present employees and students. Accordingly, good cause having been shown within the meaning of the applicable laws and procedural rules, and it appearing that the parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

1.      All documents produced and information produced by the parties in the categories set forth above which are designated as "confidential" shall be treated as such by all parties to this litigation. Such confidential documents, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose. The confidential designation status shall specifically survive this litigation.

2.      Documents and information designated confidential may be used only in connection with this case and may not be disclosed to persons not parties or witnesses in this lawsuit.

3.      Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for

filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

4.     No document which is otherwise subject to disclosure under the Arkansas Freedom of Information Act shall be designated as "confidential" by either party.

5.     Any party who objects to the proffering party designating a document as "confidential," but believes the document should be of public record, shall confer with the designating party in good faith on the matter. The party that designates a document(s) as confidential has the burden of proof if there is a dispute. If a resolution cannot be reached, the party challenging the "confidential" designation shall file a motion with the Court, attaching the documents in question under seal, asking the Court to determine if the documents are or are not subject to confidentiality. The proffering party may respond. Each party agrees to be bound by the ruling of this Court as to the confidentiality of documents. If the Court declines to intervene on matters involving whether a document is or is not "confidential" under this Consent Protective Order, the designation first given by the proffering party prevails.

6.     If confidential documents are used during depositions, the portion of the deposition discussing the confidential documents shall be treated as confidential in accordance with paragraph (1), *supra*.

7.     Any document, information or deposition designated as confidential under this Order shall, when filed with the court, be clearly marked "confidential," sealed, placed in separate, secure, storage by the clerk, and opened only by authorized court personnel.

8.     Documents and other material designated as confidential pursuant to the terms of this Order may be disclosed only to trial counsel and employees or professional assistants of trial counsel who have a bona fide need to review the information or contents of the documents to aid

effectively in the preparation of a party's case.  Disclosure to persons other than trial counsel or employees or professional assistants of trial counsel shall be conditioned upon (a) the written agreement of the producer or provider of the confidential information, or (b) an order of the court directing disclosure.

9. Upon dissemination of any of the information furnished by the parties to any other person, firm, or organization, the parties by whom such information was disseminated shall maintain a list of the names, addresses, place of employment, and capacity of all persons to whom the information is disclosed until further order of the Court.

10. Each person examining the subject documents and/or notes to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this court for contempt in any other appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

11. This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

12. Entry of this Order shall not preclude the parties from objecting to production of documents or information which it deems confidential or not discoverable.

13. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

IT IS SO ORDERED this 16th day of November, 2020.

_____
HONORABLE BRIAN S. MILLER

Approved and Consented to:

CLARK LAW FIRM, PLLC
244 West Dickson Street, Suite 201
P.O. Box 4248
Fayetteville, AR 72702-4248
Phone: (479) 856-6380
Fax:    (479) 856-6381
Email: sclark@clark-firm.com

By: *Suzanne G. Clark*
    Suzanne G. Clark, ABA #2008126

*Attorney for Plaintiff*


Approved and Prepared by:

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: jbequette@bbpalaw.com
       ckees@bbpalaw.com

By: *W. Cody Kees*
    Jay Bequette, Bar Number 87012
    W. Cody Kees, Bar Number 2012118

*Attorneys for Defendants*