## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ALVIN RILEY**                                                          **PLAINTIFF**

**v.**                              **CASE NO. 4:20-CV-01012-BSM**

**VILONIA SCHOOL DISTRICT,** *et al.*                         **DEFENDANTS**

### ORDER

Alvin Riley's motion for partial summary judgment [Doc. No. 16] is denied, and defendants' motion for summary judgment [Doc. No. 19] is denied.

### I. BACKGROUND

Alvin Riley is suing the Vilonia School District (the "District"), Superintendent David Stephens, Athletic Director Nick Newman, and Board Member Ed Sellers, for violating the Arkansas Teacher Fair Dismissal Act ("Fair Dismissal Act"), Ark. Code Ann. section 6-17-1501 *et. seq*, for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 621, *et seq*, and under Ark. Code Ann. section 21-3-201 *et seq*,, and for violating the Due Process clause of the Fourteenth Amendment to the United States Constitution.

The District hired Riley as a teacher and girls basketball coach in 2001. Pl.'s Resp. Defs.' F. ¶¶ 3–4, Doc. No. 23. In 2012, Riley received a negative evaluation and was required to attend anger management counseling because of his behavior during a game. Defs.' Mot. Summ. J. Ex. 3-4, Doc. No. 19-3. Six years later, Riley was reprimanded for asking injured students to participate in practice. Pl.'s Resp. Def. F. ¶ 10. Riley was cited

for insubordination and lack of professional responsibility in his 2019 evaluation.  Defs.'
Mot. Summ. J. Ex. 7.  A year later, he received a letter of reprimand for his behavior with
players and his evaluation rated him as needing "improvement."  *Id.*  Ex. 3, 7.  He was
notified that his contract would not be renewed for the 2020-2021 school year.  Pl.'s Resp.
Def. F. ¶ 10.

The Vilonia School Board met and decided not to renew Riley's contract because of
the 2018 reprimand, the 2020 reprimand, and Riley's behavior during the 2018 through 2020
basketball seasons.  *Id.*  ¶  18–19; Defs.' Mot. Summ. J., Ex. 5.   The nonrenewal
recommendation letter stated in part:

> On September 28, 2018, you were reprimanded ... [for] unprofessional conduct
> ...when you asked two members of your basketball team to participate in a drill
> during first period athletics despite your knowledge that these students were
> injured and had provided you with medical documentation stating that they
> were not to participate in any athletic activity until further notice from their
> medical provider.
>
> On February 11, 2020, you were reprimanded ... and directed to refrain from
> further actions or comments directed to members of the high school girls
> basketball team that are derogatory, demeaning, and/or profane, and to conduct
> yourself in a manner that demonstrates your role as a positive and encouraging
> supporter of your players. You were also directed to demonstrate
> professionalism, integrity, loyalty, and support of the District in terms of your
> appearance, demeanor, and actions and comments toward players, coaches,
> officials, parents, and fans.. [d]espite [this,]  you have exhibited a profound
> lack of professional conduct in your treatment of the players on your team.
> You have persistently berated players to the point of causing them extreme
> distress and reducing them to tears on numerous occasions, and you routinely
> yell loudly at players and become extremely angry at them. You have been
> extremely aggressive and demeaning in your conduct toward your players,
> frequently stomping your feet and exhibiting other body language in addition
> to yelling and screaming at them in an enraged, out of control, and angry

2

manner. You have failed to coach your team in a positive manner; instead, you
have made demeaning and negative comments to the players that do not reflect
the professional standards the District expects of its coaches.

*Id.*

Riley sued defendants and is now moving for partial summary judgment on his Fair
Dismissal Act claim. Defendants move for summary judgment on all of Riley's claims. Both
motions are denied because there are disputes of material fact that must be decided by the
jury.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material
fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.
56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party
demonstrates that there is no genuine dispute of material fact, the non-moving party may not
rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336,
340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence
demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must
be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d
641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are
made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A.    <u>Fair Dismissal Act Claim</u>

3

The parties' motions for summary judgment on Riley's Fair Dismissal Act claim are denied. Under the Act, a superintendent must have just and reasonable cause to recommend that a board of education decline to renew a teacher's contract. Ark. Code Ann. § 6-17-1503(a)(1). If nonrenewal is based on a teacher's failure to meet the school district's expectations, the district must (1) bring the problems to the teacher in writing; and (2) document the district's efforts to assist the teacher to correct the problems that may cause nonrenewal. *Id.* § 6-17-1504(b). The district's decision not to renew a teacher's contract is void if the district fails to substantially comply with Fair Dismissal Act. *Id.* § 6-17-1503(c); *Watson Chapel Sch. Dist. v. Russell*, 367 Ark. 443, 444, 241 S.W.3d 242, 243 (2006), *aff'd*, 2009 Ark. 79, 313 S.W.3d 1.

## 1. Whether the District Failed to Assist Riley

Riley argues that the District violated the Fair Dismissal Act by failing to document its efforts to assist him in correcting the reasons for nonrenewal. Pl.'s Br. Supp. Mot. Part. Summ. J. At 12-17, Doc. No. 18, *Jasper Sch. Dist. No. 1 of Newton Cty. v. Cooper*, 2014 Ark. 390, 444, S.W. 3d 11. Although the statute requires the District to document its efforts to assist Riley, *see* Ark. Code Ann. § 6-17-1503(b), the statute does not specify the method of documenting those efforts. In a letter dated February 11, 2020, Newman reminded Riley of previous conversations that Newman had with Riley regarding his behavior. Doc No. 16-3 at Ex. 9. That letter also outlines the District's expectations for Riley's future conduct. *Id.* Before sending this letter to Riley, the District had already sent him to

counseling in 2013 based on similar behavior,  Doc. No. 16-2, and given him written evaluations.  This is sufficient to document the District's efforts to assist Riley.

*2. Whether the Board Considered Inappropriate Reasons for Nonrenewal*

Riley claims that the District violated the Fair Dismissal Act by considering reasons for nonrenewal that were not listed in the letter notifying him of nonrenewal.  Summary judgment is denied on this point because there are issues of material fact in dispute that must be decided by the jury.

A teacher who has been notified that his contract will not be renewed can request a hearing before the school board.  Ark. Code Ann. § 6-17-1509(a).  At the hearing, the board cannot consider any reasons for nonrenewal that were not listed in the notice of nonrenewal. *Id*. § 6-17-1509(c)(5).  Riley argues that the District violated this provision in two ways. First, a student's scholarship essay, a memo drafted by the assistant superintendent, and defendant Newman's handwritten notes were presented at the hearing, even though they were not cited in the notice of nonrenewal.  Pl.'s Br. Supp. Mot. Part. Summ. J. at 18.  Second, during the Board's private deliberations, it discussed a false allegation that Riley was kicked out of the locker room during a game, although this allegation was not discussed during the hearing.  *Id.* at 17.  In response, the District states that the documents it reviewed were not new reasons; they were merely the evidence in support of the reasons listed in the recommendation. Defs.' Resp. at 6–8, Doc. No. 25.  The District further contends that, even if the Board considered Riley's removal from the locker room, it substantially complied with

the Act because the locker room incident is related to the reasons he was given for nonrenewal. *Id.* at 8.

It was appropriate for the Board to consider documents supporting the four reasons Riley was given for nonrenewal. It is, however, inappropriate for the Board to base, in whole or in part, its decision not to renew Riley's contract on his removal from the locker room because Riley was never given an opportunity to defend this allegation. Matthew Reynolds states that the Board discussed Riley being "kicked out of the locker room on a couple times." Reynolds Dep. at 20. Doc. No. 16-4. The District denies this claim. Defs.' Resp. at 8. This material fact is therefore in dispute. At trial, if Riley proves that the board members discussed these issues during their private deliberations, the District may put on evidence showing that it substantially complied with the Act, but these are issues for the jury to decide.

B.    Age Discrimination

Defendants' motion for summary judgment on Riley's age discrimination claim is denied because there are material facts in dispute that must be decided by a jury.

*1. ADEA*

Riley has failed to present direct evidence of age discrimination, so he must establish a claim under the *McDonnell Douglass* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This requires Riley to establish a *prima facie* case of discrimination, by showing he: (1) was at least forty years old; (2) suffered an adverse

employment action; (3) was qualified for his job or that he was meeting the District's reasonable expectations at the time of the adverse action; and (4) was replaced by someone substantially younger. *Lewis v. St. Cloud State. Univ.*, 467 F.3d 1133, 1137 (8th Cir. 2006); *see also Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 466 (8th Cir. 2011). The burden then shifts to the District to provide a legitimate, nondiscriminatory reason for Riley's nonrenewal. *McDonnell Douglas,* 411 U.S. at 802. If the District articulates a nondiscriminatory reason, Riley must show that the stated reasons for the termination are pretext for discrimination. *Id*. at 804.

Riley has met elements one, three, and four of his *prima facie* case. *See* Pl.'s Resp. Br. at 5–6, Doc. No. 24. Whether Riley has shown that he was meeting the District's reasonable expectations is in dispute. Even assuming Riley has established a *prima facie* case, the District has asserted a legitimate nondiscriminatory reason for Riley's nonrenewal– the 2018 reprimand, the 2020 reprimand, and Riley's behavior during the 2018 through 2020 basketball seasons. Now, Riley must show that those reasons were pretext for discrimination.

Although the District cites Riley's "needs improvement" and "unsatisfactory" evaluation scores in 2018 through 2020, Defs.' Br. Supp. Mot. Summ. J. at 12–13, Riley points out that Newman and Stephens could not recall Riley ever using profanity, and that the District could not provide any specific examples of derogatory, demeaning, or profane actions by Riley. Pl.'s Resp. Br. at 9–10, 29. Whether Riley was meeting the District's reasonable expectations regarding attrition is also in dispute. Simon Dep. at 12–14, Doc. No.

7

19-8.  Finally, Riley points to the fact that the District denied the existence of any documents responsive to his freedom of information request prior to the hearing, but his lawyer received "thousands of pages of correspondence" after the hearing concluded,  Pl.'s Resp. Br. at 12, and that some of the documents contradict testimony given at the hearing.  *Id.*  This is sufficient to create a genuine dispute of fact regarding whether the District's reason for nonrenewing Riley is pretext for age discrimination.

### 2. Arkansas Age Discrimination Claim

The Arkansas age discrimination law mirrors the ADEA.  For the reasons stated above, *supra* section III.B.2, summary judgment is denied on Riley's state age discrimination claim.

C.     Due Process

Summary Judgment is denied on Riley's due process claim because there is a  material issue of fact regarding the information considered by the board members during their deliberation, *supra*  section III.A.2, and whether the District withheld documents from Riley prior to the hearing.   *Supra* § III.B.

D.     Individual Capacity Claims and Punitive Damages

 Riley's request to dismiss Ed Sellers as a defendant [*See* Pl.'s Resp. Br. at 32] is granted.  Summary judgment is denied on Riley's individual capacity claims against Stephens and Newman because there is a dispute of fact concerning whether Riley's rights were clearly violated. *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19 (1982)*; See also Braden v. Mountain*

*Home Sch. Dist.*, 903 F. Supp. 2d 729, 737 (W.D. Ark. 2012) ("The violations of rights asserted by Plaintiff, if true, are certainly those that a reasonable school teacher or administrator would understand and recognize.").   Since this dispute exists, summary judgment is also denied on Riley's claim for punitive damages. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999) (plaintiff must show that defendant knew or perceived that it may be violating federal law to satisfy the "malice" or "reckless indifference" requirement for punitive damages).

IT IS SO ORDERED this 4th day of March, 2022.

UNITED STATES DISTRICT JUDGE